AMERICAN SURETY COMPANY OF NEW YORK, PLAINTIFF-APPELLEE, v. MARY L. MASON, ADMINISTRATRIX OF JAMES CONWAY, DECEASED, DEFENDANT-APPELLANT.

Argued July 1, 1914—Decided January 27, 1915.

When a written contract contains the whole agreement, parol evidence is not admissible, to engraft terms upon the written agreement.

---

On appeal from the Supreme Court.

For the plaintiff-appellee, *Pitney, Hardin & Skinner.*

For the defendant-appellant, *McCarter & English.*

The opinion of the court was delivered by

BLACK, J. The suit in this case was brought by the plaintiff against the defendant's intestate, on an indemnity bond given to the surety company, to recover money which the surety company paid on its bonds guaranteeing to the town of Wakefield, Massachusetts, performance of sewerage contracts. The plaintiff itself was secured against loss by the bond of indemnity. The town of Wakefield brought suit against the plaintiff company, upon its guarantee, in the courts of Massachusetts, recovering a judgment against it. The plaintiff company paid the judgment with costs and interest, and now brings this suit upon the indemnity bond, executed by James Conway, the defendant's intestate, and two others, Minahan and Hanna.

The case was tried in the Essex Circuit Court before Hon. Frederic Adams. At the first trial, the only issue submitted to the jury, was whether a certain release, called for by the tenth clause of said bond of indemnity, permitting the surety to make such a release, had been executed and delivered by the plaintiff company; on that issue the jury found that it had not and rendered a verdict for the defendant. On the plaintiff's rule to show cause, the verdict was set aside by the Supreme Court, on the ground that the verdict of the jury on that issue was against the weight of evidence. The Supreme Court also held, that it was immaterial whether or not a formal release in writing was executed and delivered. A verdict should have been directed for the plaintiff on the record, as then presented. Meanwhile, the defendant, James Conway, having died, the administratrix, Mary L. Mason, was made a party defendant to the suit. The suit was then brought on for a second trial under a stipulation that the re-trial be had on the same facts and on the same testimony. The trial judge thereupon directed a verdict in favor of the plaintiff and against the defendant, for the sum of fifty-six thousand one hundred and thirty-three dollars and seventy-five cents ($56,133.75). Objection to this ruling of the trial court was noted. The defendant alleges this as error. We think the ruling of the trial court

was correct; the judgment cannot be reversed on that ground. There is also alleged error in the rulings of the trial court in rejecting and admitting testimony. There are thirty objections noted to such rulings of the trial judge. We have examined the record and find that the objections are without merit. Many of them, if the rulings had been different, could not in any event affect the result. Three of the questions overruled by the trial court were questions propounded to a witness, Jarvis W. Mason. The first, whether it was not true, that the witness had expressed a willingness to become responsible for the completion of the contracts by the Conway Contracting Company, if Mr. Conway and two other gentlemen indemnified his company in lieu of two others; second, was it not agreed by him, on behalf of the American Surety Company, that he would become surety for the proposed assignee of the contract, if the indemnity agreement sued on was signed and delivered to him; third, was it not also expressly stated on that occasion, that the paper was signed by those who did sign it, on the condition, that when the time arrived, the surety company would become surety, without further expense for the current year, to the proposed assignee of the contract, in lieu of their former suretyship.

The rulings to these and other similar questions by the trial court, were based upon the case of *Naumberg* v. *Young,* 44 *N. J. L.* 331. The trial judge said, in disposing of the questions raised, that the contract contains mutual covenants and seems to be complete in itself; the subject, which the question is designed to develop, is so clearly connected with the subject-matter that forms the contract itself, as to bring it within the rule of *Naumberg* v. *Young, Id.* In that case Mr. Justice Depue said (at *p.* 341) : "When the contract is reduced to writing the law presumes that the writing contains the whole agreement. To permit terms to be engrafted upon the written agreement by mere parol evidence, would be attended with all the danger, laxity and inconvenience which the general rule is calculated to exclude."

This disposition of the proposed questions by the trial court was not error. The judgment is therefore affirmed.

SWAYZE, J. (concurring). My vote to affirm this judgment does not rest upon the view expressed in the opinion of the court. I am unable to bring myself to think that the case is governed by the rule of Naumberg *v.* Young.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, BOGERT, VREDENBURGH, HEPPENHEIMER, WILLIAMS, JJ. 13.

*For reversal*—None.